Moses Merchant *vs.* Michael Pielke.

Opinion filed April 27, 1900.

**Injunction—Violation—Contempt—Appeal—Effect—Appealable Order.**

> Plaintiff obtained a degree against defendant containing injunctional provisions. After the entry of the decree, and after notice thereof, defendant (as plaintiff alleges) repeatedly violated the injunctional provisions. Plaintiff obtained an order on defendant to show cause why he should not be adjudged in contempt. On the return of the order defendant, as a defense, set up the fact that he had appealed from the decree, and filed a proper supersedeas bond, said appeal having been taken and perfected after the issuance of the order to show cause. The fact of the appeal and supersedeas being admitted, the court held as matter of law that the decree was superseded, and that the defendant could not be adjudged in contempt, and discharged the order to show cause. *Held,* (1) That the proceedig set forth a civil, and not a criminal, contempt, and that it was properly instituted by plaintiff to enforce obedience to a decree in his favor, under the provisions of section 5934, Rev. Codes. (2) Under the provision of section 5937, Rev. Codes, this proceeding must be treated as a motion in the original action after judgment, and the order discharging the order to show cause is an appealable order, under subdivision 2, § 5626, Rev. Codes. (3) The appealability of the order is not affected by the provision of section 5954, giving the accused party who has been adjudged in contempt a right of appeal in all cases. (4) The perfecting of the appeal and filing of the supersedeas could have no retroactive effect, and could not purge a contempt committed while the decree was in full force and effect.

Appeal from District Court, Richland County; *Pollock,* J.

Action by Moses Merchant against Michael Pielke. Judgment for defendant, and plaintiff appeals.

Reversed.

*Smith Stimmel,* for appellant.

The supersedeas does not suspend or impair the operation of the injunction of the District Court pending appeal. Under the statute, whatever there is in the judgment that is mandatory is stayed by the supersedeas, but whatever there is in the judgment that is prohibitory is not stayed. § 5516, Rev. Codes; *Dewey* v. *Superior Court,* 22 Pac. Rep. 233; *Stewart* v. *Stewart,* 35 Pac. Rep. 156. The purpose of an injunction is to hold the subject of litigation in *statuo quo* until the final determination. There are exceptions to the rule that an injunction is not dissolved or suspended by appeal, and the exceptions are where the judgment commands or permits some act to be done. In such cases a stay of proceedings can be had. *Sixth Avenue Ry. Co.* v. *Gilbert,* 71 N. Y. 430; *Hoinlen* v. *Cross,* 63 Cal. 44; *State* v. *Harnose,* 26 S. E. Rep. 270; *Swift* v. *Sheppard,* 64 Cal. 423; *Bliss* v. *Superior Court,* 62 Cal. 543; *Marced Mining Co.* v. *Freemont,* 7 Cal. 130; 2 High. on Inj. §§ 1698, 1699; *Northwestern Mutual Life Ins. Co.* v. *Park Hotel*

*Co.,* 37 Wis. 125; *Telephone Co.* v. *Com's'rs,* 10 N. E. Rep. 922; 12 N. E. Rep. 136. A contempt proceeding is not a proceeding in the ac-. tion. It grows out of the action but is not a part of it, and is in the nature of a criminal procedure. *State* v. *Harness,* 26 S. E. Rep. 370; *Herdman* v. *State,* 74 N. W. Rep. 1079. It has been questioned as to whether or not threats of personal violence referred to in the judgment can be the subject of injunction. In aggravated cases of continuing acts, which cannot be adequately compensated in damages, the remedy by injunction may be had. *Jerome* v. *Rose,* 7 Johns. Ch. 315, 11 Am. Dec. 484; *Carney* v. *Hadley,* 22 L. R. A. 233; *Lynch* v. *Union Inst.,* 22 L. R. A. 842.

*Morrill & Engerud* and *A. E. Sunderhauf,* for respondent.

The error of the trial court, if it is one, in refusing to hear the proof and punish the defendant for his alleged violation of the injunctional parts of the judgment cannot be reviewed on appeal. The relator has no personal interest and no substantial right to be enforced from the denial of which he can ·appeal to this court. *State* v. *Davis,* 2 N. D. 461, 51 N. W. Rep. 942; *In re Fanning,* 41 N. W. Rep. 1076; *State* v. *District Court,* 42 N. W. Rep. 598. Statutes granting stays on appeal are remedial, and strict literal construction is never tolerated. 2 Enc. Pl. & Pr. 20. Our appeal law was borrowed from Wisconsin. § § 3047 to 3072, Sanborn & Berryman's Ann. State. Construing this statute, the Superior Court of Wisconsin have held that on appeal the policy of the law is to provide for a stay of proceedings upon compliance with the prescribed terms. *Northwestern Mut. Life Ins. Co.* v. *Park Hotel Co.,* 37 Wis. 125; *Hudson* v. *Smith,* 9 Wis. 122. The *"statuo quo"* mentioned in the decisions means the *statuo quo* before judgment and not the *statuo quo* after judgment. It is plain, therefore, that to enforce the prohibitory part of the judgment is equivalent to enforcing the mandatory part. This is well illustrated in *Schwarz* v. *Superior Court,* 43 Pac. Rep. 580; *Stewart* v. *Superior Court,* 35 Pac. Rep. 56.

BARTHOLOMEW, C. J. Plaintiff was in possession of certain lands and certain buildings thereon under a contract with defendant, who was the owner of the land. Disputes arose between them as to the possession and right of possession of certain of the buildings and certain land. These disputes reached the stage of personal violence, and, as the record shows, defendant threatened plaintiff with great damage to his person and property if he (the plaintiff) persisted in his claims of possession. Plaintiff·brought an action in equity to reform the contract under which he held, and thereby settle these aggravated differences. The court, in the main, held with plaintiff, and reformed the contract, and fixed the rights of the respective parties thereunder. That holding was affirmed by this court. See *Merchant* v. *Pielke,* 9 N. D. 182, 82 N. W. Rep. 878. The decree in that case directed that the defendant should

remove certain fences and obstructions that he had erected for the purpose of excluding plaintiff from the possession of certain lands and privileges, and continued: "It is further ordered, adjudged, and decreed that said defendant Michael Pielke, his agents or attorneys, or person or persons acting for him, be, and they are hereby, enjoined from molesting or threatening plaintiff, or any member of his family, or his employes, with personal violence, or from doing or threatening any injury to any of plaintiff's stock on said premises; * * * and that they be further enjoined from in any way or manner interfering with plaintiff, or any member of his family, his employes, or any person or persons acting for him, in his use and occupancy of said farm, and from in any manner hindering or delaying plaintiff in his work and labor thereon during the terms of said lease." This decree was rendered October 11, 1899, and a copy thereof served on the defendant on October 20, 1899. On November 27, 1899, plaintiff procured an order on defendant to show cause why he should not be adjudged in contempt for disobedience of the injunctional features of the decree. This order was based upon affidavits setting forth repeated and somewhat aggravated violations of the injunction after a copy thereof had been duly served upon defendant. Upon the return of the order to show cause, the defendant answered, and, among other things, set up the fact that he had appealed from the decree by serving a proper notice of appeal and supersedeas bond, and filing the same in the office of the clerk of the court. The date when these papers were served and filed does not appear by the abstract. The lower court would, of course, know from its own records, and it is stated in the brief of appellant, and is not challenged, that they were served upon appellant's counsel on November 28, 1899, the day after the order to show cause was issued, and filed in the clerk's office on December 1, 1899, the day upon which the order was returnable. We must accept this as correct. After the filing of the answer, by some practice that is not made clear by the record, the question of law was raised as to whether the filing of the supersedeas bond had the effect of dissolving or superseding the injunctional part of the decree. The court ruled that it did, and that, therefore, the defendant could not be adjudged in contempt for violating the decree, and thereupon dismissed the order to show cause. From this order of dismissal the plaintiff appeals to this court.

The first and most difficult point presented by the appeal concerns the appealability of this order. Respondent contends that the contempt charged is a criminal contempt, and hence appellant has no interest in the subject-matter that gives him any standing in an appellate court. We cannot concede this. Our Revised Codes (section 5934) define civil contempts as follows: "Every court of record has power to punish by fine and imprisonment, or either, a neglect or violation of duty or other misconduct by which a right or remedy of a party to a civil action or proceeding pending in the

court may be defeated, impaired, impeded or prejudiced in the following cases." After stating a number of cases, it continues, in subdivision 3: "Or for any other disobedience to any lawful order, judgment or process of the court." The allegations in the petition for the order to show cause bring this case clearly within this definition of a civil contempt. It also comes clearly within the provisions of subdivision 8 of the same section, which reads: "In any other case expressly authorized by the codes or statutes of this state, or where an attachment, or any other proceeding to punish for a contempt has been usually adopted and practiced in a court of record to enforce a civil remedy or to protect a right of a party to an action or proceeding in such court." The contempt power of a court of chancery has often been used to enforce obedience to its decrees. Rap. Contempt, § 3, and cases cited in notes; also *State* v. *Davis*, 2 N. D. 461, 51 N. W. 942, and cases cited. Indeed, that was the only method of enforcing chancery decrees until the sequestration of property was introduced in chancery. 2 Daniell, Ch. Prac. 1045, 1046. The contempt charged is a civil contempt, and the plaintiff invokes the exercise of the power of the court for the purpose of enforcing a decree in his favor. Section 5937, Rev. Codes, relating to the practice in contempt cases, declares: "An order to show cause may be made in the action or proceeding in or respecting which the offense was committed, either before or after the final judgment or order therein, and is equivalent to a notice of motion; and the subsequent proceedings thereupon shall be taken in the action or proceeding as upon a motion made therein. In case an attachment is issued it shall be deemed an original special proceeding by the state as plaintiff against the accused as defendant." This provision relieves us in this case of all embarrassment as to the nature of the proceeding. It is neither an action nor a special proceeding. It is simply a motion in an action after judgment. The provision first appears in this state in the revision of 1895. It was enacted after the decision in *State* v. *Davis*, supra, and doubtless to settle certain questions there discussed. The matter being treated as a motion in the action made after judgment, it follows that the order dismissing the proceeding is a final order, made upon a summary application in an action after judgment; and, as the order clearly affects a substantial right, it is specifically declared appealable by subdivision 2 of section 5626, Rev. Codes. Nor do we think this provision suspended or inoperative by reason of the provisions of section 5954, Rev. Codes, found in the contempt practice act. That section gives an accused party who has been adjudged guilty of contempt a right of appeal in both civil and criminal contempts. But we do not think it was intended thereby to exclude all other appeals in connection with contempt. Before that statute was enacted, this court had held in the *Davis Case* that an accused person adjudged guilty of a criminal contempt had no right of appeal. It was a much-mooted question. The statute was, we think, enacted to establish a con-

trary rule to that announced in the *Davis Case*, but we do not think it ever entered the legislative mind to suspend a portion of the general appeal law in civil cases. We hold the order appealable, and we are clear that it must be reversed. Counsel present this matter upon the theory that the one point involved is whether or not due service of a notice of appeal and supersedeas bond had the effect of superseding the injunctional or prohibitive features of the decree. We are at a loss to see how that question can, by any possibility, arise upon this record. There was no perfected appeal or supersedeas bond in this case until December 1, 1899. All of the acts charged as contempts occurred prior to November 27, 1899, and after defendant had notice of the decree. At the time of the occurrences the decree was a valid, binding decree, and in full force. Whatever may have been the effect of the supersdeas bond upon offenses thereafter committed, it could not have a retroactive effect, and condone offenses already committed. A party who has violated an injunctional decree with impunity, and placed himself hopelessly in contempt of court, cannot, when cited before the court, purge his contempt by then appealing from the decree and filing a supersedeas bond. We cannot conceive that such could be the law. We find no case where the point has been directly ruled, and we are not surprised that we do not. We do find cases where decrees have been violated after appeal without supersedeas, and such violations have been punished as contempts. Certainly such party could be in no worse position than one who had taken no appeal. As bearing upon the point, see 4 Enc. Pl. Prac. 793; *O'Callaghan* v. *O'Callaghan*, 69 Ill. 552; *Heinlen* v. *Cross,* 63 Cal. 44; *People* v. *Bergen,* 53 N. Y. 404; *Hunt* v. *Lambertville,* 46 N. J. L. 59. The order discharging the order to show cause is reversed. All concur.