2005 ND 48

**Michael GAMBOA, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20040128.

Supreme Court of North Dakota.

March 4, 2005.

Rehearing Denied May 17, 2005.

Ruth A. Jenny, Grand Forks, N.D., for petitioner and appellant; submitted on brief.

Thomas H. Falck, Jr., Assistant State's Attorney, Grand Forks, N.D., for respondent and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Michael Gamboa appeals from the district court's denial of his motion for default summary judgment and dismissal of his application for post-conviction relief without a hearing. We affirm.

I

[¶ 2] In October 1996, Gamboa was convicted of Delivery of Marijuana, a class B felony, under a plea agreement. In February 2000, Gamboa admitted to parole violations at a revocation hearing and was sentenced to sixty days. On March 24, 2003, Gamboa applied for post-conviction relief, arguing ineffective assistance of counsel regarding the 1996 conviction and requesting withdrawal of his guilty plea. Gamboa relied on the clerk of court to serve the State. The application was served on the State on July 1, 2003. The State responded on July 15, 2003. Gamboa moved for default summary judgment, arguing the State failed to timely respond to his application. The district court denied Gamboa's motion finding the State's response was timely. The court noted the delays were a result of a processing error in the clerk's office.

[¶ 3] In his post-conviction relief application, Gamboa argued ineffective assistance of counsel during his 1996 plea agreement, and requested an evidentiary hearing. Gamboa argued he failed to understand the proceedings, and his attorney had a conflict of interest due to involvement with the Federal Bureau of Investigation. The district court reviewed transcripts of Gamboa's bail hearing and subsequent hearings involving his 1996 plea and sentencing. The district court denied his request for an evidentiary hearing, finding he voluntarily pled guilty and understood the proceedings. The district court summarily dismissed his application for post-conviction relief. Gamboa appealed.

II

[¶ 4] Gamboa argues the district court abused its discretion in denying his motion for default summary judgment.

[¶ 5] Gamboa relies on the State's alleged failure to comply with N.D.C.C. § 29–32.1–06(1), which provides: "Within thirty days after the docketing of an application *or within any further time the court may allow,* the state shall respond by answer or motion." *Id.* (emphasis added). This Court has stated, "Clearly, the statute gives the court discretion to allow more than thirty days for the State to respond." *Bell v. State,* 1998 ND 35, ¶ 23, 575 N.W.2d 211. The thirty-day time limit is not mandatory, but discretionary with the district court. *Id.* at ¶ 26.

[¶ 6] A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Forster v. West Dakota Veterinary Clinic, Inc.,* 2004 ND 207, ¶ 17, 689 N.W.2d 366. Absent proof a petitioner was prejudiced by the delay in proceedings, refusal to grant default judgment is not an abuse of discretion. *Bell,* 1998 ND 35, ¶ 30, 575 N.W.2d 211.

[¶ 7] The facts in *Bell* are similar to this case. In *Bell,* the clerk's office failed to promptly forward the application to the State's Attorney's office. *Id.* at ¶ 25. The State failed to respond within the statutorily prescribed thirty days and failed to timely respond to an extension granted by the court. *Id.* at ¶ 23. Bell moved for default judgment, which the trial court denied. *Id.* at ¶ 22. Like Gamboa, Bell asserted he was prejudiced by this delay because he remained incarcerated. *Id.* at ¶ 29. The Court found that because Bell's claim failed on the merits, he could not claim prejudice. *Id.* In Gamboa's case, the district court reviewed all of the transcripts from his prior proceedings involving his guilty plea and found no merit to his application. Likewise, Gamboa failed to show he suffered any prejudice by the State's failure to timely respond. We conclude it was not an abuse of discretion for the district court to deny Gamboa's request for default judgment.

### III

[¶ 8] Gamboa argues his 1996 guilty plea was involuntary because of ineffective assistance of counsel and counsel's conflict of interest. The State argues Gamboa's application was properly denied because he knowingly and voluntarily pled guilty, he failed to establish his attorney's alleged conflict of interest, and his application was untimely.

[¶ 9] An application under the Post Conviction Procedure Act seeking to withdraw a guilty plea is generally treated as one made under Rule 32(d), N.D.R.Crim.P. *Greywind v. State,* 2004 ND 213, ¶ 7, 689 N.W.2d 390. Rule 32(d), N.D.R.Crim.P., requires a timely motion for withdrawal of a guilty plea. We have not previously addressed the issue of whether a request to withdraw a guilty plea in a post-conviction relief proceeding is timely.

[¶ 10] Rule 32(d), N.D.R.Crim.P., governing the withdrawal of guilty pleas states:

(1) The court must allow the defendant to withdraw a plea of guilty whenever the defendant, on a *timely motion* for withdrawal, proves withdrawal is necessary to correct a manifest injustice.

(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations, and is not necessarily barred because made subsequent to judgment or sentence. (Emphasis added.)

[¶ 11] Minnesota's post-conviction statutes and rules governing withdrawal of a guilty plea are similar to North Dakota's.

Minnesota courts have analyzed the issue of untimely requests to withdraw guilty pleas in post-conviction relief proceedings.

[¶ 12] The relevant portion of the corresponding Minnesota rule, M.N.R.Crim.P. 15.05 subd. 1, is similar to Rule 32(d), N.D.R.Crim.P.:

> To Correct Manifest Injustice. The court shall allow a defendant to withdraw a plea of guilty upon a *timely motion* and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. Such a motion is not barred solely because it is made after sentence. (Emphasis added.)

[¶ 13] Considering a request to withdraw a guilty plea, the Minnesota Supreme Court stated, "Criminal defendants do not have an absolute right to withdraw a guilty plea, but may withdraw a guilty plea after sentencing upon a timely motion and proof to the satisfaction of the court that withdrawal of the plea is necessary to correct a manifest injustice." *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998) (citations omitted). Like North Dakota's post-conviction statutes, timeliness is not required by the Minnesota post-conviction statutes but, "it is a factor to be considered when determining whether relief should be granted." *Sykes v. State*, 578 N.W.2d 807, 814 (Minn.Ct.App.1998). *See, e.g., Winding v. State*, No. C6–01–1944, 2002 WL 768482, at * 2, 2002 Minn.App. LEXIS 454, at *5 (Minn.Ct.App. April 30, 2002) (denying relief as untimely when defendant waited six years, without excuse, to petition for post-conviction relief); *Spike v. State*, No. C1–01–1737, 2002 WL 1163578, at * 2, 2002 Minn.App. LEXIS 630, at *7 (Minn.Ct.App. June 4, 2002) (denying relief as untimely when defendant waited for three years); *Wilson v. State*, No. C0–02–346, 2002 WL 31056960, at * 3, 2002 Minn. App. LEXIS 1047, at *10 (Minn.Ct.App. Sept.17, 2002) (denying relief as untimely when defendant waited for nine years); *State v. Lopez*, 379 N.W.2d 633, 636 (Minn. Ct.App.1986) (denying request to withdraw guilty plea as untimely eleven months after sentencing).

[¶ 14] Failure to timely bring a motion to withdraw a guilty plea "raises questions about the motion's legitimacy." *Spike*, 2002 WL 1163578, at * 2, 2002 Minn.App. LEXIS 630, at *6–7. The doubt is intensified when the petitioner does not challenge the guilty plea until the sentence is executed after a probation violation. *Id.*

[¶ 15] Gamboa did not challenge the voluntary nature of his guilty plea even after his sentence was executed following a probation violation in February 2000. He failed to file either a direct appeal or a petition for post-conviction relief for more than six years after his guilty plea, until he was sentenced by a federal court to a term in excess of life. Gamboa's request to withdraw his guilty plea is untimely under Rule 32(d) N.D.R.Crim.P. Accordingly, we affirm the dismissal of Gamboa's application for post-conviction relief.

[¶ 16] DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, concurring in the result.

[¶ 17] I respectfully concur in the affirmance of the dismissal of Gamboa's application for post-conviction relief. I, however, would affirm based on the reasoning of the trial court that Gamboa failed to establish any facts from which any inference of ineffective assistance of counsel could be drawn, and not based on the untimeliness of Gamboa's request to withdraw his guilty plea in this post-conviction relief proceeding.

[¶ 18]   Although timeliness was an issue raised by the State, it was raised only in a conclusory manner without adequate briefing.   I would prefer to address the issue of dismissal of post-conviction relief based on untimeliness where the issue had been squarely raised and fully briefed by the State and the defendant.

[¶ 19]   The American Bar Association recently published a report based on research and testimony gathered from 22 states about the delivery of legal representation to indigent defendants in their respective jurisdictions.   *Gideon's Broken Promise: America's Continuing Quest for Equal Justice,* American Bar Association Standing Committee on Legal Aid and Indigent Defendants (December 2004).   The report states, "[a]ll too often, defendants plead guilty, even if they are innocent, without really understanding their legal rights or what is occurring."   The report notes that as of December 2004, the Innocence Project lists 154 people, convicted in 31 different states and the District of Columbia, who served a total of 1,800 years in prison for crimes they did not commit. DNA evidence exonerated each of these individuals between 1989 and 2004.   The report also cites the problem of "meet'em and plead'em lawyers," where lawyers in some states often negotiate a plea agreement the first day they meet their clients.

[¶ 20]   Because of the fact the legislature has not provided a time limit on application for post-conviction relief, consideration of this recent study, the lack of adequate briefing, and the dearth of other jurisdictions moving in the direction the majority wants to take our Court, I concur in the result only.

[¶ 21]   MARY MUEHLEN MARING

VANDE WALLE, Chief Justice, concurring specially.

[¶ 22]   I understand Justice Maring's concern over the issue of timeliness and join in that concern insofar as it involves general post-conviction proceedings. However, in the instance of a motion to withdraw a plea of guilty, we have, as the majority notes, generally treated it as one made under Rule 32(d), N.D.R.Crim.P. *Greywind v. State,* 2004 ND 213, ¶ 7, 689 N.W.2d 390.   Because Rule 32 has a timeliness requirement I agree with the majority opinion that we can consider timeliness although, as Justice Maring notes, I would have preferred that the issue had been adequately briefed and argued.

[¶ 23]   I am more concerned that the majority opinion will be used as precedent for applying a timeliness requirement to other post-conviction proceedings for which there is no timeliness requirement. As Justice Maring also notes, there is no timeliness requirement in N.D.C.C. ch. 29–32.1.   Significantly, in *McGuire v. Warden of State Farm,* 229 N.W.2d 211, 215 (N.D. 1975), in responding to an argument attacking the constitutionality of the post-conviction act as a restriction on the right to habeas corpus, this Court concluded the statutes are not less favorable to the accused than the habeas corpus provisions:

> If the provisions of the Uniform Post–Conviction Procedure Act were less favorable to the accused than the constitutional right of habeas corpus, we would necessarily have to hold the Uniform Post–Conviction Procedure Act to that extent unconstitutional, in view of the peremptory mandate of the Constitution of North Dakota, Section 5, that:
>
> > "The privilege of the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion, the public safety may require."

[¶ 24]   The Constitution has since been amended and the provision relied upon in *McGuire* is now found in Article I, Section

14. *See also Jensen v. State,* 373 N.W.2d 894 (N.D.1985) (concluding post-conviction procedure act was never intended to wholly replace habeas corpus.) Thus the Legislature and this Court necessarily must exercise caution in limiting the rights of defendants to bring post-conviction proceedings lest those restrictions create issues concerning the constitutionality of the post-conviction process.

[¶ 25] GERALD W. VANDE WALLE, C.J.