2006 ND 238

**Rosalia GLASSER, nka Rosalia Winterroth, Plaintiff and Appellant**

v.

**Isidore GLASSER, Defendant and Appellee.**

**No. 20060159.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Charles T. Edin of Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

Rodney E. Pagel of Pagel Weikum Law Firm, Bismarck, ND, for defendant and appellee.

MARING, Justice.

[¶ 1] Rosalia Glasser, now known as Rosalia Winterroth, appeals the trial court's order quashing the order directing her ex-husband, Isidore Glasser, to show cause why he should not be held in contempt of court for failing to maintain life insurance coverage on Winterroth's life as required by their divorce judgment, and the trial court's order denying her motion to reconsider. We hold the trial court erred in interpreting the unambiguous life insurance provision of the divorce judgment. We reverse and remand for further proceedings to determine whether Glasser is in contempt of court for failing to maintain life insurance coverage as required by the divorce judgment.

I

[¶ 2] Rosalia Winterroth and Isidore Glasser separated in 2001 after thirty years of marriage. Winterroth and Glasser entered into a property settlement and separation agreement. Subsequently, they decided to divorce and the terms of the agreement were incorporated into a di-

vorce judgment, which includes the following provisions:

4. *Health Insurance:* The defendant shall continue to provide health insurance coverage for the plaintiff until she reaches the age of 65.

5. *Life Insurance:* The defendant shall continue to provide life insurance coverage on the life of the plaintiff, with the benefits to be used to pay her funeral expenses, in an amount of at least $5,000.00.

[¶ 3] At the time the separation agreement was entered, Glasser was employed by and had health insurance coverage for Winterroth through Dan's Supermarket. Glasser's employment also provided $5,000 in life insurance on Winterroth's life. The health insurance policy, and the life insurance policy, ended when Winterroth turned sixty-five.

[¶ 4] Glasser did not continue to provide life insurance coverage on Winterroth's life thereafter. A hearing was held on Winterroth's order to show cause why Glasser should not have been held in contempt of court for failing to maintain life insurance coverage on Winterroth's life, as required by the divorce judgment. The trial court asked questions of the parties, but sworn testimony was not taken. The trial court quashed the order to show cause. The trial court determined that Glasser's obligation under the life insurance provision of the divorce judgment ended when Glasser's medical insurance ended—when Winterroth turned sixty-five. The trial court found Glasser was not in contempt because there was no evidence to show Glasser cannot meet the funeral expense obligation when Winterroth dies. Winterroth moved to reconsider the trial court's quashing of the order to show cause. The motion was denied. Winterroth appeals the trial court's interpretation of the life insurance provision of the divorce judgment and the orders quashing her order to show cause and denying reconsideration.

## II

[¶ 5] The trial court's order quashing Winterroth's order to show cause must be appealable for this Court to consider it. Although the parties did not raise the issue of appealability, the right to appeal is statutory and is considered sua sponte. *Johnson v. Johnson,* 527 N.W.2d 663, 665 (N.D.1995).

[¶ 6] "An appeal may be taken to the supreme court from any order or judgment finding a person guilty of contempt. An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal." N.D.C.C. § 27–10–01.3(3). Although this case is not an appeal of a judgment finding a person guilty of contempt, "this court, long ago, held that an order dismissing an order to show cause why a party should not be held in civil contempt of court is appealable under the predecessor of NDCC § 28–27–02." *Johnson,* 527 N.W.2d at 665 (citing *Merchant v. Pielke,* 9 N.D. 245, 83 N.W. 18 (1900)).

[¶ 7] This Court held, in *Merchant,* that section 5626(2), N.D.R.C. (1899), the identical predecessor to N.D.C.C. § 28–27–02(2), allowed an appeal from an order quashing an order to show cause in a contempt hearing. *Johnson,* 527 N.W.2d at 665–66; *see Merchant,* 9 N.D. at 248, 83 N.W. at 20. Section 5626, N.D.R.C. (1899), and N.D.C.C. § 28–27–02 both state:

The following orders when made by the court may be carried to the supreme court:

. . . .

2. A final order affecting a substantial right made in special proceed-

ings or upon a summary application in an action after judgment.

[¶ 8] This Court reasoned that an order to show cause in a contempt hearing is comparable to a motion in an action after judgment; therefore, the trial court's order quashing the order to show cause was a final order affecting a substantial right, making it appealable under § 5626(2). *Johnson*, 527 N.W.2d at 666, *relying on Merchant*, 9 N.D. at 248, 83 N.W. at 20. "Although section 5954, N.D.Rev.Codes (1899), a predecessor to NDCC § 27–10–01.3(3), appeared to prohibit an appeal from any order in a contempt proceeding other than one adjudging a defendant guilty, the [*Merchant*] court rejected that interpretation as contrary to the purpose of the statute." *Johnson*, 527 N.W.2d at 666.

[¶ 9] *Merchant* and *Johnson* govern the appealability of a trial court's order quashing an order to show cause why an individual should not be held in contempt of court. *See Johnson*, 527 N.W.2d at 666. Therefore, the trial court's order quashing the order to show cause why Glasser should not be held in contempt of court for failing to maintain life insurance coverage on Winterroth's life is a final, appealable order under N.D.C.C. § 28–27–02(2).

### A

[¶ 10] "Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished. The question whether a judgment is ambiguous is a question of law. There is an ambiguity when language can be reasonably construed as having at least two alternative meanings." *Greenwood v. Greenwood*, 1999 ND 126, ¶ 8, 596 N.W.2d 317 (citation omitted). If a judgment's language is ambiguous, construction is allowed. *Sullivan*

*v. Quist*, 506 N.W.2d 394, 401 (N.D.1993). If the language is unambiguous and plain, neither construction nor interpretation is allowed, and the effect of the language must be based on the language's literal meaning. *Id.*

[¶ 11] We conclude the life insurance provision of the divorce judgment is clear and unambiguous. It requires Glasser to provide life insurance on Winterroth's life, in an amount of at least $5,000. The trial court improperly attempted to modify and enlarge the meaning of the unambiguous provision by considering extrinsic evidence of the life insurance policy ending when the health insurance policy ended on Winterroth's sixty-fifth birthday. There are no such time limitations placed on the life insurance provision of the divorce judgment. It clearly indicates Glasser "shall continue to provide life insurance coverage on the life of the plaintiff...." The trial court improperly considered the term of Glasser's health insurance policy from Dan's Supermarket. Because there are no possible reasonable alternative meanings, the life insurance provision is unambiguous, and the trial court erred by not following the literal meaning of the language used in the provision. We conclude Glasser is required to maintain life insurance coverage on Winterroth's life in an amount of at least $5,000 to be used to pay her funeral expenses, in accordance with the clear and unambiguous language of the divorce judgment.

### B

[¶ 12] This Court's review of a trial court's determination on contempt is very limited. *Montgomery v. Montgomery*, 2003 ND 135, ¶ 18, 667 N.W.2d 611. The trial court has broad discretion in deciding whether to hold an individual in contempt. *Id.* " 'In a civil contempt pro-

ceeding, a complainant must clearly and satisfactorily show that the alleged contempt has been committed. Civil contempt requires a willful and inexcusable intent to violate a court order.'" *Id.* (quoting *BeauLac v. BeauLac,* 2002 ND 126, ¶ 10, 649 N.W.2d 210).

[¶ 13] A determination of whether Glasser was in contempt for failing to maintain the life insurance coverage is dependent on the interpretation of the life insurance provision of the divorce judgment. Because the life insurance provision is unambiguous, and the trial court's finding of no contempt was based on an improper interpretation of the provision, the contempt issue must be remanded so it can be reconsidered by the trial court.

[¶ 14] To be in contempt, Glasser must be shown to have had a willful and inexcusable intent to violate the divorce judgment. This determination is to be made by the trial court on remand.

### III

[¶ 15] We hold the trial court erred in interpreting the unambiguous life insurance provision of the divorce judgment. We reverse and remand for further proceedings to determine whether Glasser is in contempt of court for failing to maintain life insurance coverage as required by the divorce judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.