2007 ND 14

**John Joseph LEFTBEAR, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20060244.

Supreme Court of North Dakota.

Feb. 1, 2007.

William Kirschner (argued), Fargo, ND, for petitioner and appellant.

Lonnie Olson (argued), State's Attorney, Devils Lake, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1]  John Leftbear appeals from the district court's denial of a motion to extend the time for filing a notice of appeal. We affirm, concluding Leftbear failed to show excusable neglect or an abuse of discretion.

I

[¶ 2]  Leftbear was charged with aggravated assault on February 17, 2004, in Ramsey County. Leftbear was appointed counsel, and a jury trial was set. In open court, Leftbear waived his right to a jury trial. The district court heard the matter on November 18, 2004, and found Leftbear guilty of aggravated assault. The court concluded Leftbear was a habitual offender and sentenced him to prison for ten years. Leftbear appealed, claiming there was insufficient evidence to convict him. We summarily affirmed the conviction. *State v. Leftbear*, 2005 ND 163, 704 N.W.2d 573.

[¶ 3]  Leftbear filed a pro se application for post-conviction relief. The district court summarily denied Leftbear's application on January 25, 2006. Leftbear wrote a letter to the district court on February 27, 2006, asking it to reconsider its ruling. The court denied Leftbear's request. Eighty-eight days after filing his letter, Leftbear filed a notice of appeal from the order denying his application for post-conviction relief. Leftbear was informed his notice of appeal was untimely and that he must request an extension of time from the district court. The district court denied his motion for an extension of time on August 11, 2006.

II

[¶ 4]  On appeal, Leftbear argues the district court abused its discretion in failing to grant his motion for an extension of time to file a notice of appeal and that the court erred in summarily dismissing his application for post-conviction relief. Leftbear claims his failure to timely file the application was attributable to excusable

neglect. The State argues the district court did not abuse its discretion when it denied Leftbear's motion and that Leftbear's second issue is not properly before this Court. The determinative issue is the denial of the extension of time to file a notice of appeal. Because we hold the district court did not abuse its discretion in denying Leftbear's motion for an extension of time to file his appeal, we decline to address whether the district court erred when it summarily denied Leftbear's application for post-conviction relief.

### III

[¶ 5] The time limit for filing a notice of appeal is jurisdictional. *McMorrow v. State,* 516 N.W.2d 282, 283 (N.D. 1994). "An extension of time to file an appeal based upon excusable neglect is addressed to the sound discretion of the trial court, and the court's determination will not be set aside on appeal absent an abuse of discretion." *State v. Latendresse,* 450 N.W.2d 781, 782 (N.D.1990). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Gamboa v. State,* 2005 ND 48, ¶ 6, 693 N.W.2d 21. Post-conviction actions are civil in nature and are governed by the rules of civil and appellate procedure. *See Greywind v. State,* 2004 ND 213, ¶ 5, 689 N.W.2d 390. Rule 4(d), N.D.R.App.P.,[1] prescribes a sixty-day time limit for filing a notice of appeal from a post-conviction relief proceeding, which may be extended upon a showing of excusable neglect. *See id.* However, an extension of time to file a notice of appeal may not exceed thirty days beyond the sixty-day general rule. *See id.*

[¶ 6] Leftbear argues the set of circumstances surrounding his notice of appeal are extraordinary. He argues his neglect should be excused because he was pro se when he filed his post-conviction relief application, he was ignorant of the law, he was being given anti-psychotic medications, and he was in prison. Leftbear also claims he has limited literacy and "he has little or no experience with the legal system or how to get an attorney or file an appeal." As support, Leftbear relies solely upon his assertions and a short affidavit. Leftbear's affidavit, in pertinent part, provides:

3. I am not a lawyer and did not have the assistance of a lawyer in filing this application, and therefore I wasn't aware of what I am supposed to do when the Court denied my application.

4. I understood . . . that my application had been denied. However, I was not aware of the time line for filing my appeal. I wanted to appeal, but I didn't know if I had a right to appeal, and I didn't know how to go about it. I didn't have a lawyer available to me at the Prison, so it took me a while to get the information that I needed that I could appeal. Then it took me longer to find out how to go about that.

5. While I am incarcerated at the prison, I am given some heavy anti-psychotic medications which make me very sleepy and cause me a great deal of difficulty remaining awake and remembering things. In addition, the medications have an impact on my judgment, and make me tired and forgetful. I

1. Rule 4(d), N.D.R.App.P., was adopted in 2001 to govern the time for appeal in a post-conviction proceeding. Previous cases addressing this issue used Rule 4(a), which governed the time to appeal in a civil case, to establish the time limitations for appeal in post-conviction proceedings. *See, e.g., McMorrow,* 516 N.W.2d at 283.

even fall asleep while working and at lunch.

Leftbear's efforts are insufficient to prove his failure to timely file a notice of appeal was attributable to excusable neglect.

[¶ 7] Leftbear failed to adequately brief the excusable neglect issue. We have warned, "a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518 (internal quotations omitted). Leftbear cited no authorities in his motion for extension of time or in his affidavit accompanying the motion. Leftbear's brief was devoid of legal authority regarding the excusable neglect issue. The State argues Leftbear's failure to timely file a notice of appeal was not excusable neglect, asserting "[a]ny delays and problems in [Leftbear's] defense are due to the lack of diligence of the defendant himself in not seeking legal counsel at a proper time."

[¶ 8] The district court did not explicitly rule that Leftbear's actions were not attributable to excusable neglect. Instead, the court denied Leftbear's motion for extension of time to file his appeal by ruling:

> The Defendant was represented by court appointed legal counsel at trial. The Court appointed another attorney to represent him on appeal. This Court issued an Order ... finding that the defendant's Application for Post Conviction Relief was without merit. The defendant in this case has been afforded adequate due process.

[¶ 9] The facts in this case are insufficient to establish excusable neglect as a matter of law. Therefore, whether to grant an extension is a matter of discretion for the district court. Excusable neglect is a fluid concept, encompassing "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (discussing "excusable neglect" concept); *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir.2000). The Eighth Circuit has interpreted "excusable neglect" to mean a " 'good faith and some reasonable basis for noncompliance with the rules.' " *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996)). In most instances, ignorance of the rules, or mistakes construing the rules, are insufficient to establish excusable neglect. *Ceridian Corp.*, at 403. However, the rules do provide some flexibility for a court "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *See Pioneer*, at 388.

[¶ 10] In this case, no extraordinary circumstances exist. Leftbear has significant experience with the criminal justice system. He was sentenced under the habitual offender statute, with at least six felonies and three misdemeanors on his record. Leftbear also has had experience requesting an appointed attorney. He requested an attorney using the standardized "Application for Appointed Defense Services" form for his trial. After his conviction, Leftbear filed a pro se request for filing the record on appeal and a request for counsel. In preparation for his direct appeal, Leftbear drafted a letter to the district court to request a change of his court-appointed attorney. The court denied his request to change attorneys. Finally, on May 24, 2006, Leftbear completed another "Application for Appointed

Defense Services" form to help him with the appeal from the denial of post-conviction relief. Leftbear did not request an attorney to assist him in the post-conviction relief proceedings, despite knowing how to do so. Leftbear was demonstrably familiar with the justice system and should have known how to seek assistance of counsel for his appeal. The district court did not abuse its discretion.

### IV

[¶ 11] We conclude Leftbear failed to show excusable neglect or an abuse of discretion. Therefore, we affirm the district court's denial of Leftbear's motion to extend the time for filing a notice of appeal.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.