2012 ND 182

**Michiel James NUVEEN, Plaintiff and Appellant**

v.

**Elizabeth Ann NUVEEN, Defendant and Appellee.**

**No. 20120080.**

Supreme Court of North Dakota.

Aug. 30, 2012.

Patti J. Jensen, Grand Forks, MN, for plaintiff and appellant.

Scott D. Jensen, Grand Forks, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   Michiel Nuveen appealed from an order holding him in contempt of court for failing to pay a property settlement as ordered in an amended divorce judgment. We affirm, concluding the district court did not abuse its discretion when it held Michiel Nuveen in contempt of court.

I

[¶ 2]   Michiel and Elizabeth Nuveen married in 1991.  Michiel Nuveen sued for divorce in 2007, and a partial judgment of divorce was entered reserving most financial issues for a later trial.  After a five-day trial, an amended judgment resolving the financial issues was entered on April 26, 2010, and a redacted version of the amended judgment was entered on May 6, 2010.  Michiel Nuveen appealed and Elizabeth Nuveen cross-appealed, and this Court affirmed the amended judgment. *See Nuveen v. Nuveen,* 2011 ND 44, 795 N.W.2d 308.

[¶ 3]   The amended judgment divided the parties' assets, and as part of the property division Michiel Nuveen was ordered to make cash payments to Elizabeth Nuveen:

> To equalize the property settlement, the Plaintiff shall pay to the Defendant a cash property settlement payment of $513,800 to be paid as follows:  $213,800 to be paid no later than April 15, 2010 and the balance of $300,000 plus interest

at the rate of 6% per annum to be paid in annual installments of $100,000 principal plus accrued interest due the 15th day of April commencing April 15, 2011, until paid in full.  There shall be no penalty for prepayment.

On June 3, 2010, Michiel Nuveen's attorney sent a copy of a check for $513,800 to Elizabeth Nuveen's attorney and offered payment of that amount in exchange for execution of a full satisfaction of all amounts due under the amended judgment except child support and spousal support. Elizabeth Nuveen rejected the offer because it did not include accrued interest and because Michiel Nuveen refused to stipulate that acceptance of the payment would not affect Elizabeth Nuveen's rights under the then-pending appeal from the amended judgment.

[¶ 4]   On May 13, 2011, having received no property distribution payments under the judgment, Elizabeth Nuveen filed an application for an order to show cause requesting the district court find Michiel Nuveen in contempt for failing to comply with the amended judgment.  On May 18, 2011, Michiel Nuveen's attorney sent a copy of a check for $513,000 to Elizabeth Nuveen's attorney, again offering payment if Elizabeth Nuveen executed a full satisfaction of all amounts due under the amended judgment.  Elizabeth Nuveen again rejected the offer because it did not include $800 of the required principal, did not include interest, and required her to execute a full satisfaction of the judgment. Finally, on June 23, 2011, Michiel Nuveen tendered a check payable to Elizabeth Nuveen in the amount of $507,500 which, together with an agreed-upon credit for a $5,500 overpayment of his child support, represented a $513,000 payment toward the property settlement.  The payment was not conditioned upon execution of a satisfaction of judgment.  Elizabeth Nu-

veen accepted the payment, but contended she was still owed $800 in principal and more than $36,000 in interest.

[¶ 5] The district court issued an order to show cause on June 24, 2011. After briefing by the parties, the district court found Michiel Nuveen in contempt of court for failing to make the payments as ordered in the amended judgment, but also found he had partially purged the contempt by paying $513,000. The court found Michiel Nuveen still owed $800 in principal, plus interest in the amount of $36,552.71, and ordered Michiel Nuveen to pay Elizabeth Nuveen $37,352.71 within 60 days of the date of the order.

## II

[¶ 6] Elizabeth Nuveen argues that Michiel Nuveen's appeal was untimely and the appeal should be dismissed.

[¶ 7] Michiel Nuveen's appeal was filed two days late under the applicable rule, N.D.R.App.P. 4(c). While the appeal was pending, Michiel Nuveen moved the district court for an extension of time to file the notice of appeal, arguing the untimely appeal was due to excusable neglect. The district court granted the motion for an extension of time under N.D.R.App.P. 4(c).

[¶ 8] A motion for an extension of time to file a notice of appeal based upon excusable neglect is addressed to the sound discretion of the district court, and the court's decision will not be set aside on appeal absent an abuse of discretion. *Leftbear v. State*, 2007 ND 14, ¶ 5, 727 N.W.2d 252; *Redfield v. Bitterman*, 2000 ND 217, ¶ 7, 620 N.W.2d 570. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law. *Pifer v. McDermott*, 2012 ND 90, ¶ 9, 816 N.W.2d 88; *Leftbear*,

at ¶ 5. We conclude the district court did not abuse its discretion in granting the extension of time, and the appeal is properly before us.

## III

[¶ 9] Michiel Nuveen contends the district court erred in finding him in contempt of court.

[¶ 10] Intentional, willful, and inexcusable disobedience of a court order constitutes contempt of court under N.D.C.C. § 27–10–01.1(1)(c). *Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323; *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378. Determining whether a contempt has been committed lies within the district court's sound discretion, and the court has broad discretion in deciding whether to hold a person in contempt. *Sall*, at ¶ 7; *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693. This Court's review of the district court's determination on contempt "is very limited," and the district court's decision will not be overturned on appeal absent an abuse of discretion. *Sall*, at ¶ 7 (quoting *Glasser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144); *see also Prchal*, at ¶ 5.

[¶ 11] At the time Elizabeth Nuveen filed her application for an order to show cause on May 13, 2011, Michiel Nuveen had failed to make the $213,800 payment due on April 15, 2010, and the $100,000 installment, plus interest, due on April 15, 2011. Thus, there is evidence in the record supporting the district court's conclusion that Michiel Nuveen had failed to pay the property distribution as ordered in the amended judgment.

[¶ 12] Michiel Nuveen contends he should not be held in contempt, however, because he "tendered" payment of the first two payments required under the amended judgment, and in fact attempted to pay the entire principal balance, when he tendered the "full amount due and ow-

ing" in June 2010 and May 2011. The record indicates, however, that Michiel Nuveen did not unconditionally tender an actual check or other payment of the amounts due under the amended judgment, but rather conditionally offered to pay the principal balance, without interest, if Elizabeth Nuveen would sign a "full and final satisfaction of all obligations owed to her from the Plaintiff as a result of the Amended Judgment" except for child and spousal support payments. The district court aptly summarized Michiel Nuveen's purported "tender" of payment in its order finding him in contempt:

> 3. Plaintiff offered to pay to Defendant the amount of $513,800 on or about June 3, 2010, however the payment was contingent on Defendant executing a full satisfaction of all amounts due. The amount tendered was not the full amount due at that time as it did not include interest that had accrued. Further, the Plaintiff was not willing to stipulate that acceptance of the full settlement amount by Defendant would not constitute a waiver of her right to appeal. The Defendant did not accept this offer.
>
> 4. Plaintiff offered to pay the amount of $513,000 on or about May 13, 2011, again in exchange for a full satisfaction of all amounts due. This amount did not include interest and was $800 less in principal of the total cash property settlement payment and Defendant did not accept this offer.

[¶ 13] Michiel Nuveen's copies of checks, and conditional offers to make a payment only if Elizabeth Nuveen accepted less than the full amount owed at the time and executed a "full and final" satisfaction of the amended judgment, did not constitute a "tender" of payment of the amounts due under the amended judgment. *See Midwest Fed. Sav. & Loan Ass'n of Minot v. Kouba*, 335 N.W.2d 780, 785 (N.D.1983) (generally an offer of part of an amount due is insufficient tender that a creditor may accept or reject). Michiel Nuveen did not tender an actual payment to Elizabeth Nuveen under the amended judgment until he tendered the $507,500 check, plus $5,500 credit, in June 2011. His earlier purported "tender" of payments in June 2010 and May 2011 did not comply with the terms of the amended judgment and do not eradicate or excuse the contempt. When Elizabeth Nuveen each time rejected his conditional offers to pay, he was required to tender actual payment of the amounts then currently due and owing to remain in compliance with the judgment.[1]

[¶ 14] We conclude the district court did not abuse its discretion when it held Michiel Nuveen in contempt of court for failing to comply with the amended judgment.

## IV

[¶ 15] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The order holding Michiel Nuveen in contempt of court is affirmed.

[¶ 16] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

---

1. Michiel Nuveen did not argue that the district court improperly accelerated the final payment on the debt when it ordered him to pay the remaining principal and interest within 60 days of the date of the order. If Michiel Nuveen questions whether or not the court intended payment to be accelerated he can seek clarification in the trial court.