Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 59

Charles Phillip Koenig, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20170253

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable John E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Samuel A. Gereszek, East Grand Forks, MN, for petitioner and appellant.

Frederick R. Fremgen, State’s Attorney, Jamestown, ND, for respondent and appellee.

Koenig v. State

No. 20170253

VandeWalle, Chief Justice.

[¶1] Charles Phillip Koenig appealed a district court order denying his motion for entry of default judgment and summarily dismissing his application for post-

conviction relief without an evidentiary hearing. We affirm.

I

[¶2] On November 13, 2015, a criminal complaint was filed against Koenig, alleging two counts of possession of a controlled substance and two counts of possession of drug paraphernalia. On December 15, 2015, Koenig filed a speedy trial request. On January 6, 2016, a preliminary hearing was held. Probable cause was found on all counts followed by arraignment where a criminal information mirroring the complaint with the addition of a witness list was filed. On that same date, the prosecuting attorney recognized and informed the court of Koenig’s December 15, 2015 request for speedy trial. Koenig made a second request for speedy trial.

[¶3] On April 1, 2016, a jury trial was held and Koenig was found guilty on all counts. On July 22, 2016, Koenig was sentenced to a total of eighteen months and two years of supervised probation commencing upon release from incarceration. On January 13, 2017, Koenig filed an application for post-conviction relief under N.D.C.C. ch. 29-32.1 alleging ineffective assistance of counsel and prosecutorial misconduct because he was denied his right to speedy trial. Koenig also argued his conviction on count 1 (possession of a controlled substance) was obtained through circumstantial evidence. The application was docketed January 19, 2017, and served on the state’s attorney’s office on January 23, 2017.

[¶4] On February 22, 2017, Koenig filed a notice, motion, brief, and affidavit for default judgment. On February 23, 2017, the State filed an answer to Koenig’s application for post-conviction relief. On February 24, 2017, the State filed a response to the motion for default judgment and a motion to dismiss for misuse of process. On March 20, 2017, Koenig filed a response to the State’s motion to dismiss. On May 9, 2017, the district court filed a memorandum containing an order denying Koenig’s motion for entry of default judgment, an order denying the State’s motion to dismiss for misuse of process, and an order for summary disposition of Koenig’s application for post-conviction relief.

II

[¶5] Koenig argues he is entitled to default judgment because the State’s response to his application for post-conviction relief was untimely. 

[¶6] Section 29-32.1-06, N.D.C.C., provides “[w]ithin thirty days after the docketing of an application [for post-conviction relief] or within any further time the court may allow, the state shall respond by answer or motion.” “If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the failure is shown by affidavit or otherwise, the court may direct the clerk to enter an appropriate default judgment
 
in favor of the plaintiff and against the defendant.” N.D.R.Civ.P. 55(a). Rule 55(b) provides “[a] default judgment may be entered against the state, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.”

[¶7] We have previously stated the thirty-day time limit is not mandatory and “[c]learly, the statute gives the court discretion to allow more than thirty days for the State to respond.” 
Bell v. State
, 1998 ND 35, ¶ 24, 575 N.W.2d 211. “A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination.” 
Gamboa v. State
, 2005 ND 48, ¶ 6, 693 N.W.2d 21. “Absent proof a petitioner was prejudiced by the delay in proceedings, refusal to grant default judgment is not an abuse of discretion.”
 Id.

[¶8] It is undisputed that (1) Koenig’s application for post-conviction relief was docketed on January 19, 2017; (2) Koenig moved for default judgment on February 22, 2017; and (3) the State filed an answer to the application for post-conviction relief on February 23, 2017.
 
Koenig argues, and the State concedes, the State failed to timely respond. However, based on this Court’s calculations, the State’s reply was timely.

[¶9] Thirty days from January 19, 2017, the day Koenig’s application was docketed, is Saturday, February 18, 2017. Under the rules for computing any specified time period, if a filing deadline is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. N.D.R.Civ.P (6)(a)(1)(C). Because day thirty fell on a Saturday, and the following Monday, February 20, 2017, was President’s Day, the period continued to run until Tuesday, February 21, 2017. Because service was made electronically,
(footnote: 1) an additional three days are added to the period calculated under N.D.R.Civ.P. 6(a).  N.D.R.Civ.P. 6(e)(1).  Accordingly, the State had until February 24, 2017, to respond by answer or motion. Because the State responded to Koenig’s application on February 23, 2017, its response was timely.

[¶10] Nevertheless, even if the State’s response was untimely, we have recognized N.D.C.C. § 29-32.1-06 clearly “gives the court discretion to allow more than thirty days for the State to respond.” 
Bell
,
 
1998 ND 35, ¶ 24, 575 N.W.2d 211. In 
Bell
, the State was several months late in responding to the petitioner’s application for post-

conviction relief. 
Id.
 at ¶¶ 2-6. The petitioner argued he was prejudiced because he remained incarcerated throughout the pendency of the matter. 
Id.
 at ¶ 29. We held the State’s failure to respond within 30 days after the application was docketed, although serious and distressing, did not entitle the petitioner to default judgment because he was unable to show he suffered any prejudice from the State’s untimely response. 
Id.
 at ¶¶ 22-24. Additionally, we held it was not an abuse of discretion for the district court to allow the State time to respond when the clerk of court failed to promptly forward the application to the state’s attorney’s office. 
Id.
 at ¶ 25.  Here, Koenig failed to show any real prejudice as a result of the delayed response. 

III

[¶11] Koenig argues the district court misapplied the law when it determined his election of a speedy trial right was not timely.

[¶12] “When an appellant raises a speedy trial issue, we review the district court’s findings of fact under a clearly erroneous standard.” 
City of Grand Forks v. Gale
, 2016 ND 58, ¶ 8, 876 N.W.2d 701. We review a district court’s speedy trial determination de novo. 
Id.

[¶13] A defendant in a criminal matter has the right to a speedy trial under Article I, Section 12, of the North Dakota Constitution, N.D.C.C. § 29-19-02, and the Sixth Amendment to the United States Constitution.  

[¶14] We note that under federal law, “a defendant’s claim that his Sixth Amendment right to speedy trial was violated must be brought before the trial court by a timely motion to dismiss the charges.”  5 Wayne R. LaFave et al., 
Criminal Procedure
 § 18.1(d) (4th ed. 2015).  If a defendant fails to move to dismiss and instead either pleads guilty or submits to trial, the issue cannot be brought for the first time on appeal.  
Id.
  Although not raised as an issue before this Court, Koenig did not move to dismiss the charges.  Instead, Koenig brought a speedy trial claim through a post-conviction relief action for ineffective assistance of counsel in his original application, and his supplemental application for post-conviction relief under N.D.C.C. § 29-32.1-07(1).  For the reasons discussed below, Koenig was not denied effective assistance of counsel because his speedy trial rights were not violated and his counsel was not ineffective for failing to raise the claim in the district court.

A

[¶15] We review Koenig’s speedy trial claim with regard to his statutory speedy trial rights. 

[¶16] Two counts of the criminal information charged Koenig with criminal offenses under N.D.C.C. § 19-03.1-23, which triggers a statutory right to trial within 90 days of electing the right under N.D.C.C. § 29-19-02. “The plain language of N.D.C.C. § 29-19-02 indicates the fourteen-day window is mandatory in order for a party to elect the statutory speedy trial right.” 
State v. Hall
, 2017 ND 124, ¶ 9, 894 N.W.2d 836. The statute provides:

The right to a speedy trial in a criminal case in which the charging instrument contains a charge of a felony offense under section 19-03.1-23 or under chapter 12.1-20 is for the trial to begin within ninety days of the date the party elects this right. The prosecution and the defendant shall elect this right within fourteen days following the arraignment. The court may allow the trial to begin later than ninety days of the arraignment for good cause.  

[¶17] Koenig contends the 90 days began when he elected his right in writing to the court on December 15, 2015, and therefore, because he was not brought to trial until approximately 109 days after election of the right, his constitutional rights were violated. The State contends Koenig could not effectively elect his right to a speedy trial until he was arraigned on January 6, 2016, and therefore, his rights were not violated because he was brought to trial within 90 days of arraignment.

[¶18] The district court found Koenig’s first election was not timely because Koenig had not been arraigned as of December 15, 2015. Accordingly, the district court found Koenig was not denied a speedy trial because the arraignment, and second request for speedy trial, were on January 6, 2016, and the trial was held on April 1, 2016—eighty-six days from arraignment. 

[¶19] We have previously recognized a defendant’s statutory right to a speedy trial must be made within the 14-day window following arraignment. 
See Hall
, 2017 ND 124, ¶ 9, 894 N.W.2d 836. Because Koenig’s trial was within 90 days of arraignment, his argument under N.D.C.C. § 29-19-02 fails. 

B

[¶20] To evaluate the validity of constitutional speedy trial claims, we have adopted the United States Supreme Court balancing test announced in 
Barker v. Wingo
, 407 U.S. 514 (1972).
 See State v. Erickson
, 
241 N.W.2d 854, 859 (N.D. 1976). The test requires balancing four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused. 
Hall
, 2017 ND 124, ¶ 11, 894 N.W.2d 836. 

[¶21] “Under this analysis, a delay of one year or more is ‘presumptively prejudicial,’ which triggers an analysis of the other speedy trial factors.” 
Id.
 at ¶ 12.
 Koenig’s delay, if at all, was less than one year, and therefore, does not trigger a speedy trial analysis. Nevertheless, even if we consider all four factors, Koenig’s right to speedy trial was not violated. 

[¶22] The second factor, reason for the delay, weighs against the State if there is evidence of intentional or dilatory tactics that unnecessarily delay trial. 
State v. Moran
, 2006 ND 62, ¶ 10, 711 N.W.2d 915. “Delays caused by the defendant weigh against him.” 
Id.
 The second factor is closely related to the fourth factor, prejudice to the accused. “If the government diligently pursues a defendant from indictment to arrest, a speedy trial claim will always fail without a showing of actual prejudice.”
 Gale
, 2016 ND 58, ¶ 11, 876 N.W.2d 701. Here, there is no evidence the delay was an intentional effort by the State to delay trial. As to the closely-related fourth factor, Koenig failed to allege any real prejudice as a result of the delay. The fourth factor seeks to protect three interests: “(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.” 
Moran
, 2006 ND 62, ¶ 17, 711 N.W.2d 915. Proving actual prejudice requires a defendant to factually link his loss of liberty with any specific prejudice to his right to a fair trial. 
Hall
, 2017 ND 124, ¶ 14, 894 N.W.2d 836. Koenig has not provided any evidence of actual prejudice.

[¶23] The third factor, defendant’s proper election of his speedy trial right, weighs against a defendant who fails to assert the right. 
Moran
, 2006 ND 62, ¶ 15, 711 N.W.2d 915. For the purposes of constitutional speedy trial analysis, Koenig elected his speedy trial right. 

[¶24] Nevertheless, the delay between the demand on December 15, 2016 and trial on April 1, 2016 was not presumptively prejudicial, and Koenig has failed to allege any evidence of actual prejudice.  Accordingly, we conclude Koenig was not denied his right to a speedy trial. In light of the above, Koenig was not provided ineffective assistance of counsel as a result of his counsel’s failure to raise the speedy trial issue in the district court.

IV

[¶25] Koenig argues the district court erred in summarily dismissing his application for post-conviction relief without conducting an evidentiary hearing.

[¶26] The standard of review for a summary denial of post-conviction relief is well-established:

This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. “The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.”

Parizek v. State
, 2006 ND 61, ¶ 4, 711 N.W.2d 178 (citation omitted). 

[¶27] Koenig’s application for post-conviction relief alleges ineffective assistance of counsel, prosecutorial misconduct, and that his conviction on count 1 (possession of a controlled substance) was obtained through circumstantial evidence.

[¶28] “[S]ummary dismissal is normally inappropriate for post-conviction relief claims arguing ineffective assistance of counsel because such claims typically require development of a record in an evidentiary hearing.” 
Chase v. State
, 2017 ND 192, ¶ 14, 899 N.W.2d 280. However, a court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09 if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 
Id.
 at ¶ 7.

[¶29] Here, the ineffective assistance of counsel and prosecutorial misconduct claims are based solely on Koenig’s assertion he was denied a speedy trial. Koenig argues his counsel was ineffective for not moving to dismiss the charges against him or objecting to having a trial within 90 days of electing his right to speedy trial. Koenig argues prosecutorial misconduct occurred because the State did not afford him a speedy trial.

[¶30] There were no genuine issues of material fact on either claim. Accordingly, because the district court found Koenig’s speedy trial rights were not violated as a matter of law, and Koenig failed to establish a claim or right to relief, an evidentiary hearing on those issues was unnecessary, and summary dismissal was appropriate.

[¶31] The third claim in Koenig’s application alleges there was no “factual based evidence” presented on count 1, and his conviction was obtained through circumstantial evidence. Koenig did not explain how the evidence was insufficient.

[¶32] The district court found this claim was without merit because “[a] conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt.” 
State v. Rourke
, 2017 ND 102, ¶ 6, 893 N.W.2d 176. Moreover,“[a] verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts.” 
Id.

[¶33] Accordingly, the district court did not err in finding the issues raised by Koenig were without merit and dismissing his application under N.D.C.C. § 29-32.1-

09(1).

V

[¶34] We affirm the district court’s order denying his motion for entry of default judgment and summarily dismissing his application for post-conviction relief without an evidentiary hearing.

[¶35] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

FOOTNOTES
1:    
Subdivision (e) was amended, effective March 1, 2018, to remove service by electronic means from the modes of service that allow three added days to act after being served.