2013 ND 150

In the Matter of the ESTATE OF
Robert W. CASHMORE,
Deceased.

Thain M. Cashmore, individually, as Personal Representative of the Estate of Robert W. Cashmore and as Trustee of the Robert Cashmore Trust, Bourck D. Cashmore, individually and as Trustee of the Robert Cashmore Trust, Appellants

v.

Trudy L. Cashmore, Tricia L. Cashmore, and Kendra A. Cashmore, Appellees.

No. 20130012.

Supreme Court of North Dakota.

Aug. 29, 2013.

Kent A. Reierson (argued) and Lisa M. Dynneson (appeared), Williston, N.D., for appellants.

Steven A. Lautt (argued) and Carol K. Larson (on brief), Minot, N.D., for appellees.

SANDSTROM, Justice.

[¶ 1]  Thain Cashmore, individually, as personal representative of the estate of Robert Cashmore, and as trustee of the Robert Cashmore Trust, and Bourck Cashmore, individually and as trustee of the Robert Cashmore Trust, appeal from an order holding the personal representative in contempt of court and from an order denying the personal representative's N.D.R.Civ.P. 60(b) motion to vacate the contempt order.  Because the district court did not abuse its discretion in finding the personal representative in contempt or in denying the motion to vacate, we affirm.

I

[¶ 2]  Robert Cashmore died in 2002. Thain and Bourck Cashmore are adult children from Robert Cashmore's first marriage, which ended in divorce.  Trudy Cashmore is Robert Cashmore's widow, and they had two children together, Tricia and Kendra Cashmore.  These two factions of the family have engaged in extensive litigation over Robert Cashmore's estate throughout the years, but most of the issues were resolved by a July 2007 court order.

[¶ 3]  In March 2008, the personal representative moved to approve a final report and account and proposed distribution which listed the estate assets and distributions and showed a balance in the estate of $72,598.56.  Trudy, Tricia, and Kendra Cashmore objected to parts of the final report, and following a hearing, a judgment was entered on March 2, 2009, approving the final report with adjustments. This judgment ordered the estate to pay Trudy Cashmore $6,377.83 within ten days.

[¶ 4]  On April 13, 2009, the personal representative moved to approve an "amended" final report and account and proposed distribution which differed signif-

icantly from the judgment approving the original final report entered the previous month. The amended final report purported to show estate assets had brought in less money than anticipated in the original final report. The amended final report also requested $2,502.13 in additional personal representative fees, $9,965.20 in additional attorney fees, and $8,000 in additional fees to close the estate. As a result, the amended final report showed the estate with a zero balance instead of the $72,598.56 listed in the original final report, and the estate therefore claimed it would be unable to pay Trudy Cashmore the $6,377.83 approved in the original final report. Following a hearing, the district court denied the motion to approve the amended final report. The court allowed $1,250 in additional personal representative fees and $1,500 in additional attorney fees, but again ordered the estate to pay Trudy Cashmore $6,377.83 within ten days.

[¶ 5] In *In re Estate of Cashmore*, 2010 ND 159, ¶¶ 1, 17, 25, 787 N.W.2d 261, we affirmed in its entirety the district court's order denying the motion to approve the amended final report and account and proposed distribution. We specifically rejected the argument that the change in value of estate assets required approval of the amended final report:

> Thain and Bourck Cashmore also argued an amended accounting was necessary to demonstrate the change in value of the vehicles and stock while the original motion was pending. Thain and Bourck Cashmore, however, had ample opportunity to draw those matters to the court's attention before judgment was entered. When there is a substantial, unanticipated change in the value of an asset after trial but before distribution of the property, the proper remedy is a motion to reopen to present additional evidence at a hearing. *See Larson v. Larson*, 1998 ND 156, ¶¶ 14–15, 582

N.W.2d 657; *Grinaker v. Grinaker*, 553 N.W.2d 204, 209 (N.D.1996). In this case, the vehicles were sold in September 2008. The disputed stock was sold sometime after the August 2008 hearing and before entry of judgment. Thain and Bourck Cashmore could have called to the district court's attention the alleged discrepancy in values through a motion to reopen, but instead participated in ongoing discussions regarding the proposed findings of fact, conclusions of law, and order for judgment without mentioning any alleged problems with property valuations. Thain and Bourck Cashmore allowed the district court to enter a final judgment approving the final report and ordering distribution, then shortly thereafter filed a motion to approve an amended final report incorporating the "new" values of the disputed property. Thain and Bourck Cashmore failed to employ the appropriate available remedy.

*Cashmore*, at ¶ 16.

[¶ 6] Undeterred by our affirmance of the district court's final judgment ordering Trudy Cashmore be paid $6,377.83 within ten days, the personal representative did not pay her and instead, in September 2011, filed a "verified statement to close estate" claiming "I have fully administered the estate ... to the extent I was able" and "[t]here are no further assets to be distributed." In March 2012, Trudy Cashmore filed a petition for an order to show cause under N.D.C.C. § 30.1–21–03.1 why the estate "has not been closed" and why the personal representative should not be held in contempt under N.D.C.C. ch. 27–10 for "fail[ing] to make the payment as ordered." The personal representative responded by arguing the estate was closed by the filing of his verified statement, "the Estate does not owe Trudy anything more than she has received," and she "owes the

Estate $29,395.50." Following a hearing, the district court rejected the personal representative's arguments and found him in contempt and once again ordered that the estate pay Trudy Cashmore $6,377.83 within ten days, plus interest and her expenses, including attorney fees. The court also denied the personal representative's subsequent N.D.R.Civ.P. 60(b) motion to vacate the contempt order.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 30.1–02–02. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 30.1–02–06.1.

II

[¶ 8] The personal representative argues the district court erred in finding him in contempt for failing to pay Trudy Cashmore $6,377.83.

[¶ 9] In *Nuveen v. Nuveen*, 2012 ND 182, ¶ 10, 820 N.W.2d 726, this Court said:

Intentional, willful, and inexcusable disobedience of a court order constitutes contempt of court under N.D.C.C. § 27–10–01.1(1)(c). *Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323; *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378. Determining whether a contempt has been committed lies within the district court's sound discretion, and the court has broad discretion in deciding whether to hold a person in contempt. *Sall*, at ¶ 7; *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693. This Court's review of the district court's determination on contempt "is very limited," and the district court's decision will not be overturned on appeal absent an abuse of discretion. *Sall*, at ¶ 7 (quoting *Glasser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144); *see also Prchal*, at ¶ 5.

A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law. *Nuveen*, at ¶ 8.

A

[¶ 10] The personal representative argues he did not receive sufficient notice that he could be held in contempt for not paying $6,377.83 to Trudy Cashmore, because the order to show cause mentioned only the failure to close the estate and not the failure to make the payment.

[¶ 11] Section 27–10–07, N.D.C.C., which addresses orders to show cause for contempt, is permissive and not mandatory. *See Van Dyke v. Van Dyke*, 538 N.W.2d 197, 202 (N.D.1995). All that is required to impose a remedial sanction for contempt is the alleged contemnor receive notice and a hearing. *Id.* at 203; *see also* N.D.C.C. § 27–10–01.3(1)(a); *Holkesvig v. Welte*, 2012 ND 14, ¶ 11, 809 N.W.2d 323.

[¶ 12] Here the order to show cause stated the purpose of the hearing was to "Show Cause as to why the Estate of Robert Cashmore has not been closed." The petition for the order to show cause pointed out that this Court affirmed the district court's August 2009 order requiring the $6,377.83 payment to Trudy Cashmore and asserted the "Personal Representative has failed to make the payment as ordered." At the beginning of the hearing, Trudy Cashmore made it clear that the refusal to make the payment was the issue in the proceeding. The personal representative did not claim surprise, and after given the opportunity to do so, presented no testimony on his behalf. *See, e.g., Burns v. Burns*, 2007 ND 134, ¶ 7, 737 N.W.2d 243 ("continuance is the proper remedy for a party claiming surprise").

We agree with the court's analysis of this notice issue:

> The PR argues that he failed to receive proper notice of the reason for his alleged contempt. Failure to close the estate within three years of the decedent's death versus failure to follow the Court's Order and pay Trudy Cashmore. The petition was clear in its[ ] argument that the PR's failure to comply with the Court's August 17, 2009, order denied closure of the estate.

[¶ 13] The personal representative's argument that he lacked sufficient notice of the purpose of the contempt hearing is without merit.

## B

[¶ 14] The personal representative argues the petition to hold him in contempt was improperly before the district court because the estate had already been "closed." He argues the estate was "closed" either when the court issued the order resulting in the March 2009 judgment which approved the final accounting and which was a subject of the prior appeal, or when he filed the verified statement under N.D.C.C. § 30.1–21–03 (U.P.C. § 3–1003) in September 2011.

[¶ 15] The personal representative's arguments ignore the undisputed fact that Trudy Cashmore has not been paid the $6,377.83 first ordered by the district court in 2009. The legal basis for the personal representative's refusal to pay Trudy Cashmore appears to be his assertion in his appellate reply brief that this Court in the prior appeal decided only "whether it was *procedurally* proper for Thain to amend, *not* whether Thain must pay Trudy $6,377.83." But this Court affirmed the district court's order in its entirety, and that order included the requirement that the personal representative pay Trudy Cashmore $6,377.83. *See Cash-more,* 2010 ND 159, ¶¶ 1, 17, 25, 787 N.W.2d 261. "The effect of an affirmance by the Supreme Court of a judgment of a district court is to leave the judgment in the same state as if no appeal had been taken...." *Geier v. Tjaden,* 84 N.W.2d 582 Syll. 1 (N.D.1957). Just as we ruled the personal representative had no authority to file a petition to approve an "amended" final accounting after the final judgment had been entered approving the original final accounting and distribution, *see Cashmore,* at ¶ 14, the personal representative could not file a verified statement under N.D.C.C. § 30.1–21–03 (U.P.C. § 3–1003) to once again attempt to effectively amend the final accounting and distribution. Moreover, a verified or sworn statement closing an estate is ineffective if the personal representative fails to acknowledge a known and outstanding claim. *See Vincent v. Estate of Simard,* 801 A.2d 996, 998, 1001 (Me.2002) (construing Maine's version of U.P.C. § 3–1003).

[¶ 16] We did not suggest in *Cashmore,* 2010 ND 159, 787 N.W.2d 261, that the personal representative could still evade the court-ordered payment through other legal procedures. The personal representative's attempt to once again assert the inability of the estate to satisfy Trudy Cashmore's claim is barred by the law of the case doctrine, *see Leverson v. Leverson,* 2011 ND 158, ¶ 9, 801 N.W.2d 740 (under law of case doctrine, a court's decision on legal issues should govern the same issues in later stages of the same case), res judicata, *see In re Estate of Dionne,* 2013 ND 40, ¶ 12, 827 N.W.2d 555 (res judicata precludes claims that have been raised or could have been raised in an action between the parties), and collateral estoppel, *see id.* (collateral estoppel bars relitigation of issues of fact or law in a second action based on a different claim, which were necessarily litigated between

the parties). This estate has not been "closed," because absent payment to Trudy Cashmore, the undisputed facts do not amount " 'to circumstances which support the conclusions that the affairs of the estate either are, or have been alleged to have been, wound up.' " *Cashmore*, at ¶ 13 (quoting Editorial Board Comment to N.D.C.C. § 30.1–21–03 (U.P.C. § 3–1003)).

[¶ 17] As the district court noted:

The PR further argues that his failure to act on the Court's August 17, 2009, order was not done intentionally, willfully, or without excuse. The PR argues that the Court cannot find him in Contempt of Court for his failure to pay Trudy Cashmore, as ordered by the Court, because the Estate does not have the money to pay Trudy Cashmore. The PR did, nonetheless, tell the Court that the money was there in 2009 when the Court made its order. That order was confirmed by the Supreme Court. See *Estate of Robert W. Cashmore*, 2010 ND 159, 787 N.W.2d 261. The motivations behind a person's actions cannot normally be delineated by direct evidence and can usually only be established with circumstantial certainty. The Court is, however, convinced by clear evidence, that in this case, the noncompliance with the Court's 2009 order was intentional, willful and without excuse.

Finally, the PR argues that the closing of the estate by a Verified Statement, filed on September 21, 2011, can only be improper if the estate is a "supervised administration proceeding," which it is not, or if prohibited by court order. In this case, the Court finds that the order of this Court, dated August 17, 2009, prevented the closure of this estate by a Verified Statement until such time as that August 17, 2009, order was carried out.

[¶ 18] We conclude the district court did not abuse its discretion in holding the personal representative in contempt of court.

## III

[¶ 19] The abuse of discretion standard also governs our review of a district court's decision on a N.D.R.Civ.P. 60(b) motion. *See, e.g., Wolt v. Wolt*, 2011 ND 170, ¶ 30, 803 N.W.2d 534. Although the personal representative appealed from the court's denial of the Rule 60(b) motion, he has not provided any supportive arguments to reverse the court's decision on the motion. We conclude the court did not abuse its discretion in denying the motion to vacate the contempt order.

## IV

[¶ 20] We do not address other arguments raised, because they either are unnecessary to the decision or are without merit. The district court orders are affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ.