2017 ND 100

**In the MATTER OF the ESTATE OF Charlotte C. NOHLE, deceased**

**Dori Lentz, Petitioner and Appellant**

**v.**

**Timothy A. Bruun and Sharla Faye Bruun, Successor Co–Personal Representatives of the Estate of Charlotte C. Nohle, deceased, Respondents and Appellees**

No. 20160274

Supreme Court of North Dakota.

Filed 4/25/2017

Jordon J. Evert, P.O. Box 417, Williston, N.D. 58802–0417, for petitioner and appellant.

Lisa M. Six (Argued) and Jennifer M. Nasner (on brief), P.O. Box 1206, Williston, N.D. 58802–1206, for respondents and appellees.

Tufte, Justice.

[¶ 1] Dori Lentz appeals from an order and judgment denying her request to modify the distribution decrees of the Estate of Charlotte C. Nohle and ordering her to pay the estate's attorney's fees. We affirm, concluding the district court did not abuse its discretion by denying the requested modification or by awarding attorney's fees.

I

[¶ 2] Charlotte Nohle died in 1957. Her 1951 will provided for distribution of mineral interests:

> I direct my executors that all such gas, oil and mineral rights are to be distributed, share and share alike, between my living brothers and sisters, and further direct that should William Freeman and Flossie Engel be deceased at the time of my death, that their natural born children should take in their stead, and further direct that the naturalborn [sic]

children of my deceased brother, Thomas Freeman, shall take in his stead his share that he would have received had he been living at the time of my death. This provision, however, does not hold true with the daughter of Victoria Davis, as I have otherwise taken care of Victoria Davis.

Nohle's deceased brother Thomas Freeman had several children. Four of his children were living when Nohle died, but one child, Margaret Hanger, died in 1941 before Nohle executed the will. Margaret Hanger had multiple children, including Louella Bricker and Lentz's mother, Ruth Dorfner. In short, Nohle was a sister of Lentz's great-grandfather.

[¶ 3] In 1957, a petition to probate the will was filed, and a final decree distributing Nohle's estate was entered in 1961. In 1965, a supplemental final decree was entered distributing certain mineral interests that were not conveyed by the original final decree. The final and supplemental decrees did not distribute any property to Margaret Hanger's children.

[¶ 4] In June 2015, Timothy Bruun and Sharla Bruun petitioned to be appointed successor co-personal representatives of the estate, stating the previous personal representatives were deceased, the Bruuns had been appointed successor co-personal representatives in a similar Montana proceeding, and there might be information about newly discovered assets in North Dakota. Lentz, representing herself, also petitioned to be appointed the estate's personal representative, alleging there was new information about the "actual heirs" and there were "newly discovered assets." The Bruuns objected to Lentz's petition. After a hearing, the district court appointed the Bruuns as co-personal representatives of Nohle's estate. The court reopened the estate for the purpose of distributing

newly discovered assets and directed Lentz to provide any information about newly discovered assets to the Bruuns.

[¶ 5] In September 2015, Lentz moved under N.D.R.Civ.P. 60(b)(6) to modify the 1961 final decree of distribution and the 1965 supplemental final decree. Lentz argued Margaret Hanger's children were devisees, the mineral interests had been improperly distributed, and the devisees who received the improper distribution were liable to return the property improperly received and the income it had earned since distribution. She requested the court amend the final and supplemental decrees of distribution to include Margaret Hanger's children. The motion said Lentz, John Dorfner, Louella Bricker, and others were requesting that the court modify the final decree. Lentz signed the motion as the petitioner. Lentz represented herself throughout these proceedings and is not a licensed attorney in North Dakota.

[¶ 6] The Bruuns moved to strike Lentz's motion, arguing Lentz is not an heir at law to Nohle, she is not a proper party in interest, and she cannot bring the action on behalf of any other person or entity because she is not a licensed attorney. The Bruuns also opposed the motion, arguing Margaret Hanger's children were not required to be parties to the original estate proceedings, the doctrine of laches bars any claims Margaret Hanger's children had against the estate, Lentz's claim that the distribution decrees improperly distributed the property is without merit, and relief under N.D.R.Civ.P. 60(b) is not appropriate.

[¶ 7] Lentz filed an amended motion to modify the decrees of distribution, signed by John Dorfner, Louella Bricker, and Lentz. The amended motion stated it was merely adding Louella Bricker and John Dorfner's signatures to the original September 2015 motion. Lentz also moved to

dismiss the Bruuns as co-personal representatives of the estate. The Bruuns moved to strike the motion. Lentz later moved to "strike" her motion to dismiss the Bruuns as co-personal representatives.

[¶ 8] In February 2016, the district court held a hearing on Lentz's motion to modify the distribution decrees, Lentz's motion to dismiss the personal representatives, and the Bruuns' motions to strike. Lentz withdrew her motion to dismiss the personal representatives. The Bruuns requested an award of attorney's fees, arguing the filings were unwarranted and not allowed by law, the allegations were not made in good faith, and Lentz is not authorized to practice law in this state. The Bruuns also informed the court that they had requested information about the "newly discovered assets" multiple times but Lentz had never provided the requested information. The court stated it was planning to grant the Bruuns' motion to strike Lentz's motion to modify the decrees because Lentz is not a proper party, but it was also planning to alternatively rule on the merits of the motion to modify. The court advised Lentz that she was required to have an attorney if she wanted to file any further documents in the case, including responding to the Bruuns' request for attorney's fees. Through counsel, Lentz objected to the estate's itemized claim for attorney's fees and costs. The district court concluded the requested attorney's fees were reasonable and ordered Lentz to pay $26,170.50 in attorney's fees and costs to the estate for the fees it had incurred by Lentz's continual and unauthorized filings in the case.

[¶ 9] In May 2016, the district court entered an order, striking the motion to modify the decree of distribution, affirming the final and supplemental decrees of distribution, ordering Lentz to pay the estate's attorney's fees, and ordering Lentz

to deliver the real property descriptions for any and all newly discovered assets. The court ruled Lentz was not a proper party, she engaged in the unauthorized practice of law by representing others in the action, N.D.R.Civ.P. 60(b) was procedurally inappropriate, the doctrine of laches forever barred any claims by Margaret Hanger's children or grandchildren, and Lentz had not shown sufficient grounds for disturbing the final decree of distribution even if N.D.R.Civ.P. 60(b) applied. Lentz appeals from the judgment that was subsequently entered.

## II

■ [¶ 10] A district court's decision on a motion to modify a final order under N.D.R.Civ.P. 60(b) is reviewed for an abuse of discretion. See In re Estate of Cashmore, 2013 ND 150, ¶ 19, 836 N.W.2d 427; Murphy v. Rossow, 2010 ND 162, ¶ 9, 787 N.W.2d 746. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned decision. Cashmore, at ¶ 9.

[¶ 11] Rule 60(b), N.D.R.Civ.P., states a court may relieve a party from a final judgment or order for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

■ [¶ 12] Lentz moved to modify the final and supplemental distribution decrees under N.D.R.Civ.P. 60(b)(6). This Court has said N.D.R.Civ.P. 60(b)(6) is a "catch-all" provision that "allows a district court to grant relief from a judgment for 'any other reason that justifies relief.'" Meier v. Meier, 2014 ND 127, ¶ 7, 848 N.W.2d 253. However, "'something more extraordinary justifying relief from the operation of the judgment or order must be present, if subsection (6) alone is relied upon.'" Anderson v. Baker, 2015 ND 269, ¶ 10, 871 N.W.2d 830 (quoting Bettger v. Bettger, 280 N.W.2d 915, 919 (N.D. 1979)). The party moving for relief has the burden to establish sufficient grounds for disturbing the finality of the judgment or order. Shull v. Walcker, 2009 ND 142, ¶ 14, 770 N.W.2d 274.

[¶ 13] The district court denied Lentz's motion, stating:

Rule 60(b), N.D.R.Civ.P., is procedurally inappropriate as the relief sought in the Motion to Modify Decree of Distribution ... is limited by section 30–0308, N.D.R.C., and forever time barred by section 30–0309, N.D.R.C. (1943).

Doctrine of laches forever bars any claims by the children or the grandchildren of Margaret Hanger as a delay in enforcing their rights (if any) have worked a disadvantage to others in this case as others have made serious changes in position over the last fifty years.

Even if Rule 60(b)(6), N.D.R.Civ.P., applied, Lentz has not shown sufficient grounds for disturbing the finality of the final decree of distribution ... or the supplemental final decree of distribution....

[¶ 14] Lentz argues the district court erred in dismissing her motion to modify under N.D.R.Civ.P. 60(b)(6) and erroneously found the doctrine of laches applies. She contends a party invoking the doctrine of laches must prove they were prejudiced, but the Bruuns failed to present any evidence of harm and no evidence of harm exists because she was requesting the court distribute newly discovered assets. She asserts "both the Bruuns and Dori Lentz petitioned the court to probate <u>subsequently discovered mineral interests not previously probated</u>. Ms. Lentz was not requesting the district court to re-litigate the distribution of assets from a probate proceeding which occurred in late 1957."

[¶ 15] However, Lentz argued in her district court brief in support of her motion to modify the decrees that the prior distribution was improper, that Margaret Hanger's children were devisees under Nohle's will, and that "[u]nder North Dakota Century Code § 30.1–20–09 the devisees who received the improper distribution under the Decree of Distribution are liable to return the property improperly received and its income since distribution." She further argued:

> As a matter of law, the distribution <u>presented to the McKenzie County District Court by [the original co-executors] was improper</u>. The Decree of Distribution failed to distribute the devise to all of Thomas J. Freeman's children, as clearly stated in Paragraph Nine of Charlotte Nohle's estate. . . .
>
> Since liability follows the property and the property currently exists (mineral rights held in family members' names) an adjustment in Decree of Distribution such that the parties in the original Decree of Distribution now include the interest of Margaret Hanger which is then devised to her eight children due to the anti-lapse statute. . . .

. . . .

> The law requires that an improper distribution be remedied and it is a simple task to follow the property and re-devise the mineral rights according to Charlotte Nohle's will.

Lentz specifically requested that the district court "amend the Final Decree of Distribution to correct the distribution by including the the [sic] eight children of Margaret Hanger who will take Margaret Hanger's share, pursuant to anti-lapse."

[¶ 16] Lentz requested that the district court modify the 1961 final decree and the 1965 supplemental final decree and redistribute the mineral interests. The known mineral interests were distributed in the final and supplemental decrees at least fifty years before Lentz moved to modify the decrees. Lentz did not present any evidence about "newly discovered" assets. The court ruled Lentz did not show sufficient grounds for disturbing the finality of the decrees. On appeal, Lentz does not argue the court erred by denying her motion as to the mineral interests previously distributed in 1961 and 1965. Lentz's appellate brief states, "Lentz is not asking this Court for a re-distribution of the decades old Final Decree of Distribution of Nohel's [sic] Estate. Instead, Lentz is merely asking this Court for a correct distribution of the newly discovered oil, gas and mineral interests. . . ." We conclude Lentz has abandoned any argument that the mineral interests distributed in the 1961 and 1965 decrees were improperly distributed and that the district court erred in denying her motion to modify the decrees as they relate to previously distributed mineral interests. <u>See</u> <u>Olmstead v. First Interstate Bank of Fargo, N.A.</u>, 449 N.W.2d 804, 807 (N.D. 1989) (holding issues that were not briefed or argued are deemed abandoned).

[¶ 17] To the extent Lentz argues the district court erred in denying her motion to modify the final decrees for mineral interests that are newly discovered and were not previously distributed, she seeks an advisory opinion. "Courts should think carefully before expending 'scarce judicial resources' to resolve difficult and novel questions of constitutional or statutory interpretation that will 'have no effect on the outcome of the case.'" Ashcroft v. al-Kidd, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). We have consistently recognized that we do not have authority to issue advisory opinions. See Richland County Water Resource Board v. Pribbernow, 442 N.W.2d 916, 918–19 (N.D. 1989). Our decisions are limited to questions involving existing rights in real controversies. Id. at 919. We are not authorized to render an advisory opinion merely because the issue may arise in the future. Rodriguez v. North Dakota State Penitentiary, 2014 ND 49, ¶ 7, 843 N.W.2d 692.

[¶ 18] The district court ordered Lentz to disclose information about any newly discovered assets to the Bruuns, but she failed to provide any such information. There is no evidence in the record about the existence of mineral interests that were not previously distributed. Because there is no evidence of any mineral interests that were not previously distributed, any decision on the issues Lentz raises about how new assets should be distributed would be advisory only, and we do not issue advisory opinions.

[¶ 19] Moreover, the final and supplemental final decrees were entered at least fifty years before Lentz moved to modify the decrees. "A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered." N.D.R.Civ.P. 60(c)(1). What constitutes a reasonable time varies from case to case and must be determined on the basis of the facts before the court. Kukla v. Kukla, 2013 ND 192, ¶ 25, 838 N.W.2d 434. "'Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and accordingly ... should be invoked only when extraordinary circumstances are present.'" Kukla, at ¶ 25 (quoting Bellefeuille v. Bellefeuille, 2001 ND 192, ¶¶ 15–16, 636 N.W.2d 195).

[¶ 20] Lentz has not provided any explanation about why it took fifty years to bring these claims, other than claiming her mother did not have actual knowledge about the prior probate proceedings and this was a family issue that had been lingering for fifty years. The property was distributed at least fifty years ago. Under the facts and circumstances of this case, fifty years is too long to wait to bring a motion to modify the prior distribution decrees. See Bellefeuille, 2001 ND 192, ¶ 16, 636 N.W.2d 195 (affirming decision that a motion for relief from a divorce judgment was not filed within a reasonable time when it was filed twenty-one years after the judgment). We conclude the motion to modify the final decrees was not made within a reasonable time.

[¶ 21] The district court did not abuse its discretion by denying the motion. We affirm the district court's decision denying Lentz's motion to modify the final and supplemental final distribution decrees.

III

[¶ 22] Lentz argues the district court erred in ordering her to pay the Bruuns' attorney's fees. She contends the award of attorney's fees was not proper

because her claims were not frivolous and were made in good faith.

[¶ 23] This Court has explained that parties generally are responsible for their own attorney's fees, but:

> The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." Federal Land Bank v. Ziebarth, 520 N.W.2d 51, 58 (N.D.1994). A district court has discretion under N.D.C.C. § 28–26–01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. See Strand v. Cass Cnty., 2008 ND 149, ¶¶ 12–13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28–26–01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." [In re] Estate of Dion, 2001 ND 53, ¶ 46, 623 N.W.2d 720. We review the district court's decision under the statute for an abuse of discretion. Id.

Rath v. Rath, 2016 ND 46, ¶ 26, 876 N.W.2d 474 (quoting Estate of Pedro, 2014 ND 237, ¶ 14, 856 N.W.2d 775). A court also has authority to award attorney's fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue...." N.D.C.C. § 28–26–31. An award of attorney's fees under N.D.C.C. § 28–26–31 is within the court's discretion. Rath, at ¶ 26.

[¶ 24] The district court found Lentz's allegation of newly discovered assets was untrue and not in good faith. At Lentz's request, the court reopened the estate for the purpose of distributing newly discovered assets. The court informed Lentz on the record that she should identify these assets to the Bruuns, who had been appointed successor co-personal representatives. When, several months later, Lentz had failed to identify any newly discovered assets, the court specifically ordered Lentz to provide information about the assets to the Bruuns. Lentz never provided any information to support her assertion that there were newly discovered assets to distribute. Rather than proceeding to identify and distribute newly discovered assets, Lentz sought modification of the 1965 supplemental decree of distribution, arguing that it was "egregiously incorrect" as a matter of law. The court also found Lentz engaged in the unauthorized practice of law by appearing on behalf of Bricker, Dorfner, and others in this action. The district court ordered Lentz to pay $26,170.50 to the estate for attorney's fees and costs incurred "for unnecessarily opening this Estate and for the Estate being required to respond to the Motion to Modify Decree of Distribution ... and the Motion to Dismiss Co–Executors ...," which motions were frivolous and contained allegations not made in good faith." The Bruuns were required to respond to Lentz's frivolous claims, including a motion she later withdrew. Lentz unnecessarily drove up the costs of the proceedings. We therefore conclude the district court did not abuse its discretion by ordering Lentz to pay the estate's reasonable attorney's fees.

IV

[¶ 25] The Bruuns argue this appeal is frivolous and request this Court award them attorney's fees and costs under N.D.R.App.P. 38. We may award dam-

ages and costs, including reasonable attorney's fees, for an appeal that is frivolous. N.D.R.App.P. 38. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation. Gray v. Berg, 2016 ND 82, ¶ 16, 878 N.W.2d 79. Our ability to impose sanctions under N.D.R.App.P. 38 is independent of the district court's ability to impose sanctions under N.D.C.C. §§ 28–26–01 and 28–26–31, and therefore the district court's determination that a claim is frivolous does not compel this Court to conclude the appeal is also frivolous. Gray, at ¶ 16. We deny the Bruuns' request for costs and attorney's fees for this appeal.

V

[¶ 26] We do not address the remaining issues and arguments because they are either unnecessary to this decision or are without merit. We affirm the order and judgment.

[¶ 27] Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Gerald W. VandeWalle, C.J.