# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 1

State of North Dakota,                                 Plaintiff and Appellant

    v.

A.J.H.,                                                          Defendant and Appellee

### No. 20230241

In the Interest of A.J.H.

State of North Dakota,                                 Petitioner and Appellant

    v.

A.J.H.,                                                          Respondent and Appellee

### No. 20230242

Appeals from the District Court and Juvenile Court of Bottineau County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Seymour R. Jordan, State's Attorney, Crosby, ND, for appellant.

Drew J. Hushka (argued) and Mark A. Friese (appeared), Fargo, ND, for appellee.

**McEvers, Justice.**

[¶1]   The State appeals from an order transferring this matter to juvenile court. A.J.H. moves to dismiss the appeals for lack of an appealable order. We grant the motion and dismiss the appeals.

I

[¶2]   The State charged A.J.H. with six counts of gross sexual imposition. A.J.H. moved to dismiss for lack of jurisdiction. The district court denied the motion to dismiss, but transferred the matter to juvenile court, concluding House Bill 1160 (2023) amended the definition of "Child" in N.D.C.C. § 27-20.4-01(4) (2022)[1], the new definition applies in this case, and it was required to transfer the matter to juvenile court under N.D.C.C. § 27-20.2-07. The State appeals the transfer order.

II

[¶3]   A.J.H. moves to dismiss the State's appeals for lack of an appealable order under N.D.R.App.P. 27(f).

[¶4]   Section 29-28-07, N.D.C.C., governs what orders the State may appeal from in a criminal case. *State v. Powley*, 2019 ND 51, ¶ 7, 923 N.W.2d 123. "An appeal may be taken by the state from: 1. An order quashing an information or indictment or any count thereof. . . . 4. An order made after judgment affecting any substantial right of the state." N.D.C.C. § 29-28-07. Section 29-28-07, N.D.C.C., is a jurisdictional requirement and we must dismiss the appeal if the State fails to meet the statute. *State v. Simon*, 510 N.W.2d 635, 636 (N.D.

---

[1] House Bill 1160 (2023) amended N.D.C.C. § 27-20.4-01(4) (2022) effective April 13, 2023. 2023 N.D. Sess. Laws ch. 296, § 1. Section 27-20.4-01, N.D.C.C., was amended again effective August 1, 2023, adding the definition of "Certified shelter care" at subsection 4, which moved the definition of "Child" to subsection 5. 2023 N.D. Sess. Laws ch. 294, § 26.

1994). The State argues subsections 1 and 4 apply, allowing it to appeal the order transferring the matter to juvenile court.

[¶5]   The State contends the transfer order is effectively an order quashing the criminal information, relying on *State v. Hogie*, 424 N.W.2d 630 (N.D. 1988); *State v. Howe*, 247 N.W.2d 647 (N.D. 1976); and *State v. Allesi*, 211 N.W.2d 733 (N.D. 1973). In *Hogie*, we denied the defendant's motion to dismiss the appeal because the trial court's "judgment of acquittal" did not constitute acquittal, even though it was labeled as such, and was actually an order having the effect of quashing the information. 424 N.W.2d at 633. In *Howe*, we concluded an order dismissing an information is the same as an order quashing an information and thus appealable. 247 N.W.2d at 652. In *Allesi*, we denied the defendant's motion to dismiss the appeal because the trial court's dismissal order, in effect, quashed the information. 211 N.W.2d at 735.

[¶6]   Here, A.J.H. moved to dismiss, and the district court expressly denied dismissal and ordered the matter be transferred to juvenile court under N.D.C.C. § 27-20.2-07, which provides in relevant part,

> If it appears to the court in a criminal proceeding . . . that the defendant is a child subject to the jurisdiction of the juvenile court, the court immediately shall transfer the case to the juvenile court together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case. . . . The accusatory pleading may serve in lieu of a petition in the juvenile court unless that court directs the filing of a petition.

The district court ordered the information to serve in lieu of a petition in juvenile court unless the juvenile court orders a petition to be filed. Thus, the district court did not dismiss the case, which distinguishes *Hogie*, *Howe*, and *Allesi*. Further, if the circumstances meet the requirements under N.D.C.C. § 27-20.4-21, the matter can be transferred back to the district court. Accordingly, we conclude the transfer order is not an "order quashing an information" under N.D.C.C. § 29-28-07(1). *See People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶¶ 15-17, 72 N.E.3d 346 (rejecting argument that order transferring case to juvenile court had the substantive effect of dismissing charges against defendant).

2

[¶7] Additionally, the State argues the transfer order is an "order made after judgment affecting any substantial right of the state" under N.D.C.C. § 29-28-07(4). Because no judgment has been entered in this case, the transfer order cannot be an order "made after judgment."

[¶8] We conclude the State does not have the right to appeal under N.D.C.C. § 29-28-07 and dismiss the appeals for lack of an appealable order.

III

[¶9] In addition to dismissal, A.J.H. moves for an award of double costs and attorney's fees against the State, arguing the appeals are frivolous. Under N.D.R.App.P. 38, we "may award just damages and single or double costs, including reasonable attorney's fees," if we determine an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *In re Est. of Nohle*, 2017 ND 100, ¶ 25, 893 N.W.2d 755. We conclude the State's appeal of the transfer order is not flagrantly groundless or devoid of merit and does not demonstrate bad faith in pursuing the litigation. Accordingly, we deny A.J.H.'s request for costs and attorney's fees.

IV

[¶10] We dismiss the appeals for lack of jurisdiction.

[¶11] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr